UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANET PHONGSA and INNOCENT OBI, | ) | |
| | ) | |
| Plaintiffs, | ) | 13 C 5573 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE, LLC, GN MORTGAGE LLC, MERS, and FREEDMAN ANSELMO LINDBERG LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this suit against JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, GN Mortgage LLC, MERS, and Freedman Anselmo Lindberg LLC, Janet Phongsa and Innocent Obi allege common law fraud and violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Doc. 34. JPMorgan Chase and Chase Home Finance (together, "Chase") moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the claims against them. Doc. 35. The court set a generous deadline for Plaintiffs to respond to the motion. Doc. 39. Plaintiffs failed to respond.

Chase contends that Obi lacks standing. Doc. 36 at 10-11. This argument implicates the court's subject matter jurisdiction, and thus must be addressed at the threshold. *See Citizens Against Ruining the Env't v. EPA*, 535 F.3d 670, 675 (7th Cir. 2008). "The district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam). Although the amended complaint claims that both plaintiffs have been affected by the allegedly

1

unlawful debt collection activities and related fraud, only Phongsa, not Obi, is listed as the borrower in the loan documents and as a defendant in the pending state court foreclosure action brought by JPMorgan Chase. Docs. 36-1, 36-2, 36-4, 36-5.

"As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears. Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). By failing to respond to Chase's Rule 12(b)(1) motion, Obi has failed to meet has burden and forfeited any argument that he has standing. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.") (citations omitted); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [plaintiffs] have done here—results in waiver."). Even putting aside forfeiture, the record offers no basis to conclude that Obi has standing. Obi accordingly lacks standing, and his claims against Chase are dismissed without prejudice. *See Harris v. Quinn*, 656 F.3d 692, 701 (7th Cir. 2011) ("Generally, when a complaint is dismissed because … plaintiffs lack standing … it is dismissed without prejudice …."); *Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 660 (7th Cir. 2011) (where a district court dismisses a suit for lack of standing, "it [has] no jurisdiction [and] therefore [can] only dismiss without prejudice"); *Ramsay v. Mayer*, 420 F. App'x 586, 588 (7th Cir. 2011) ("If plaintiffs indeed lack standing, and there is no jurisdiction, then dismissal must be *without* prejudice; a court cannot adjudicate a claim over which it lacks jurisdiction.").

Phongsa's claims are dismissed with prejudice. "If [a court is] given plausible reasons for dismissing a complaint, [the court is] not going to do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). It follows that a plaintiff's failure to respond to a Rule 12(b)(6) motion, at least if the motion gives plausible reasons for dismissal, provides adequate grounds for granting the motion. *See Alioto*, 651 F.3d at 719 ("As to the defendants' motion to dismiss the complaint, Alioto waived his right to contest the dismissal by failing to oppose the motions."); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[w]hile Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss," and "[a]ccordingly, [his] retaliation claim has been waived"); *Kirksey*, 168 F.3d at 1041 ("In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so.").

Chase's brief in support of its Rule 12(b)(6) motion to dismiss plausibly contends (1) that the FDCPA claims fail as a matter of law because Chase is not a "debt collector" under the FDCPA, and (2) that the common law fraud claim does not satisfy the pleading standards of Rules 8 and 9. Doc. 36 at 12-15. Phongsa had ample opportunity to respond to Chase's motion, and her status as *pro se* litigants does not excuse her noncompliance with the scheduling order or her failure to respond to the motion. *See Wilson v. Bruce*, 400 F. App'x 106, 109 (7th Cir. 2010) ("Whatever benefits Wilson may seek as a pro se litigant, they do not include license to disregard the court's orders."); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("pro se litigants are not entitled to a general

dispensation from the rules of procedure or court imposed deadlines"). Because Phongsa failed to respond to Chase's plausible arguments in support of dismissal, her claims are dismissed with prejudice.

For the foregoing reasons, Chase's motion to dismiss is granted. Obi's claims against Chase are dismissed without prejudice under Rule 12(b)(1) for lack of standing, while Phongsa's claims against Chase are dismissed with prejudice under Rule 12(b)(6).

June 3, 2014

_____
United States District Judge

4